## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MODENA NAVIGATION LLC, | ) | Case No. 2:25-cv |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| NISSAN MOTOR CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Modena Navigation LLC ("Modena" or "Plaintiff") for its Complaint against Defendant Nissan Motor Co., Ltd. ("Nissan" or "Defendant") alleges as follows:

## THE PARTIES

1.      Modena is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, Texas 75670.

2.      Upon information and belief, Defendant Nissan is a Japanese corporation, both its principal place of business located at 1-1, Takashima 1-chome, Nishi-ku, Yokohama, Kanagawa, 220-8686, Japan.  Upon information and belief, Nissan is one of the largest automotive manufacturers in the world and in the United States. Upon information and belief, Nissan does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant.  Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6.      Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## **PATENTS-IN-SUIT**

7.      On June 10, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,385,881 (the "'881 Patent ") entitled "Display Mode Control Method for an Electronic Device."   A true and correct copy of the '881 Patent is available at: https://patentimages.storage.googleapis.com/6d/d0/bf/d86f352663592d/US7385881.pdf.

8.      On June 21, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,966,124 (the "'124 Patent") entitled "Navigation Device and its Navigation Method for Displaying Navigation Information According to Travelling Direction."  A true  and  correct  copy  of  the  '124  Patent  is  available  at: j/https://patentimages.storage.googleapis.com/b8/43/e8/79408db0fae575/US7966124.pdf.

9.    On March 6, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,131,461 (the "'461 Patent") entitled "Navigation Methods and Systems". A true and correct copy of the '461 Patent is available at: https://patentimages.storage.googleapis.com/7d/5c/43/8a6f03d19207a2/US8131461.pdf.

10.    On April 16, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,423,286 (the "'286 Patent") entitled "Method for Displaying Activity Information on a Navigation device and Related Navigation Device."  A true and correct copy of the '286 Patent is available at: kaj/https://patentimages.storage.googleapis.com/3d/9c/03/9ed099b924ce32/US8423286.pdf.

11.    Modena is the sole and exclusive owner of all right, title, and interest in the '881 Patent, the '124 Patent, the '461 Patent, and the '286 Patent (collectively, the "Patents-in-Suit" or "Asserted Patents") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit.  Modena also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

12.    The '881 Patent generally relates to a display mode control method including the steps of: enabling an electronic device to determine the time of day; and enabling the electronic device to operate a display panel thereof in a first display mode when the time of day corresponds to nighttime, and in a second display mode when otherwise.  The technology described in the '881 Patent was developed by Yu-Chien Huang at MiTAC International Corp. For example, this technology is implemented in Nissan infotainment systems, known as NissanConnect or NissanConnect Services, and Defendant's navigation systems, including previous versions thereof,

3

included in vehicles, in all trims and configurations, such as the Nissan Versa, Nissan Sentra, Nissan Altima, Nissa LEAF, Nissan Maxima, Nissan Z, Nissan GT-R, Nissan Rogue, Nissan Pathfinder, Nissan ARIYA, Nissan Kicks, Nissan Murano, Nissan Armada, Nissan Frontier, Nissan TITAN, Nissa TITAN XD, Nissan Juke, Nissan Tiida, Nissan X-Trail, Nissan Teana, Nissan Wingroad, Nissan Gran Livina, among other automotive vehicles (collectively, the "Accused Vehicles").

13.    The '124 Patent generally relates to a system and method used for displaying navigation information according to a traveling direction of the navigation device.  The technology described in the '124 Patent was developed by Neng Liu at MiTAC International Corp. For example, this technology is implemented in Defendant's infotainment systems and Defendant's navigation systems, including previous versions thereof, included in commercial and personal vehicles, in all trims and configurations, such as the Accused Products.

14.    The '461 Patent generally relates to a system and method device navigation route planning based on a navigation condition.  The technology described in the '461 Patent was developed by Hui-Ching Chuang at MiTAC International Corp. For example, this technology is implemented in Defendant's infotainment systems and Defendant's navigation systems, including previous versions thereof, included in commercial and personal vehicles, in all trims and configurations, such as the Accused Products.

15.    The '286 Patent generally relates to a system and method for receiving a positioning signal, displaying a navigation map corresponding to the positioning signal, receiving a plurality of activity information with latitude and longitude, providing an information preference menu, and displaying an activity icon of corresponding activity information on a corresponding activity location of the navigation map according to the setting of the information preference menu and the

4

latitude and longitude. The technology described in the '286 Patent was developed by Shun-Cheng Hung at MiTAC International Corp. For example, this technology is implemented in Defendant's infotainment systems and Defendant's navigation systems, including previous versions thereof, included in commercial and personal vehicles, in all trims and configurations, such as the Accused Products.

16.     Nissan has infringed and continues to infringe the Patents-in-Suit Patent by one or more of making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing commercial and personal vehicles, which are used or tested by Nissan and its direct or indirect customers or users in the United States.

## COUNT I
### (Infringement of the '881 Patent)

17.     Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18.     Modena has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '881 Patent.

19.     Defendant has and continues to directly infringe the '881 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more claims of the '881 Patent. The Accused Products include, but are not limited to, Defendant's infotainment systems and navigation systems, included in all trims and configurations, such as the Nissan Rogue. The Nissan Rogue is exemplary and representative of the Accused Products.

20.     For example, Defendant has and continues to directly infringe at least claim 1 of the '881 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include

Defendant's infotainment systems and navigation systems, or equivalent thereof, such as in the Nissan Rogue, among other products.

21.     Defendant, through the use and provision of the Nissan Rogue and Accused Products, performs a display mode control method to be implemented in an electronic device having a display panel for showing navigational map information.  The Nissan Rogue performs the step of enabling the electronic device to determine the time of day.  The Nissan Rogue performs the step of enabling the electronic device to operate the display panel in a nighttime display mode when the time of day corresponds to nighttime, and in a daytime display mode when the time of day is otherwise; wherein the navigational map information is shown on the display panel in a light shade against a dark background when the display panel is operated in the nighttime display mode, and in a dark shade against a light background when the display panel is operated in the daytime display mode.

22.     For example, the Nissan Rogue's infotainment display's brightness can automatically adjust based on the time of day.



---

[1] https://www.youtube.com/watch?v=JSF3L3fUDIc&ab_channel=CarsWithSteve.

23.     Through demonstrations, testing, repairs, troubleshooting, training, and instructional guidance, such as at trade shows, Nissan has used the Accused Products in a manner that directly infringes at least claim 1 of the '881 Patent

24.     Defendant has and continues to indirectly infringe one or more claims of the '881 Patent by knowingly and intentionally inducing others, including Nissan customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

25.     Defendant, with knowledge that these products, or the use thereof, infringe the '881 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '881 Patent by providing these products to customers and end-users for use in an infringing manner.  Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subjective belief that there was a high probability that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '881 Patent at least as early as the issuance of the '881 Patent.

26.     Defendant has and continues to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '881 Patent, but while remaining willfully blind to the infringement.  Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's websites, product literature and

packaging, and other publications.[2] For example, Defendant prepares and provides customers and end-users with Owner's Manuals for its specific vehicles, as well as access to other vehicle information. On information and belief, Defendant's Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendant to instruct customers and end-users on how to use the Accused Products in an infringing manner.  On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendant.

> © 2024 NISSAN MOTOR CO., LTD.
> All rights reserved. No part of this Owner's Manual may be reproduced or stored in a retrieval system, or transmitted in any form, or by any means, electronic, mechanical, photocopying, recording or otherwise, without the prior written permission of Nissan Motor Co., Ltd.[3]

27.     Because of Defendant's inducement, Defendant's customers and end-users use Accused Products in a way Defendant intends and directly infringe the '881 Patent.  Defendant performs these affirmative acts with knowledge of the '881 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '881 Patent.

28.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '881 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District

---

[2]     *See* Nissan Rogue 2013-present Owner's Manuals, available at: https://www.nissanusa.com/owners/ownership/manuals-guides.html.
[3] *See* 2025 Nissan Rogue Owner's Manual, available at:
https://www.nissanusa.com/content/dam/Nissan/us/manuals-and-guides/rogue/2025/2025-nissan-rogue-owner-manual.pdf.

and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '881 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '881 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '881 Patent. Defendant performs these affirmative acts with knowledge of the '881 Patent and with intent, or willful blindness, that they cause the direct infringement of the '881 Patent.

29.    Modena has suffered damages as a result of Defendant's direct and indirect infringement of the '881 Patent in an amount to be proved at trial.

30.    Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '881 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

<u>**COUNT II**</u>
**(Infringement of the '124 Patent)**

31.    Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

32.    Modena has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '124 Patent.

33.    Defendant has and continues to directly infringe the '124 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more claims of the '124 Patent. The Accused Products include, but are not limited to, Defendant's infotainment systems and navigation systems, included in all trims and configurations, such as the

9

Nissan Rogue.  The Nissan Rogue is exemplary and representative of the Accused Products.

34.    For example, Defendant has and continues to directly infringe at least claim 7 of the '124 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendant's infotainment systems and navigation systems, or equivalent thereof, such as in the Nissan Rogue, among other products.

35.    The Nissan Rogue comprises a navigation device for displaying navigation information according to a traveling direction thereof.  The Nissan Rogue comprises a memory for storing a navigation map (e.g., internal flash memory, SSD in the infotainment head unit, and/or SD card or other removeable media).  The Nissan Rogue comprises a signal receiving unit for receiving at least one positioning signals from a position system via an antenna (e.g., GPS antenna).  The Nissan Rogue comprises a central processing unit electrically connected to the signal receiving unit and the memory (e.g., the infotainment and/or telematic CPU), for retrieving the current position according to the received positioning signals; wherein the central processing unit dynamically adjusts a first displaying parameter of the current position and a second displaying parameter of the navigation map, and fetches a corresponding displayed section of the traveling direction of navigation map according to the second displaying parameter when a direction parameter of the current position is changed. The Nissan Rogue comprises a displaying unit for displaying the current position and the navigation map in a navigation information frame according to the first displaying parameter and the second displaying parameter (e.g., the infotainment display).

36.    For example, the Nissan Rogue can indicate the proper lanes to be in to make a turn and/or exit as the car approaches the turn and/or exit, as well as speed limits depending on the

location.

The Navigation System linking display will
show the following items:
- Intersection names
- Arrows indicating turning direction
- Distance to the next intersection
- Recommended lane indicator

The Traffic Signs Recognition (TSR) sys-
tem linking display will show the following
item:
- Speed Limit Sign [4]

37.    Defendant has and continues to indirectly infringe one or more claims of the '124

Patent by knowingly and intentionally inducing others, including Nissan customers and end-users,

to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering

to sell, selling, and/or importing into the United States products that include infringing technology.

38.    Defendant, with knowledge that these products, or the use thereof, infringe the '124

Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues

to knowingly and intentionally induce, direct infringement of the '124 Patent by providing these

products to customers and end-users for use in an infringing manner.  Alternatively, on information

and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing

its officers, agents, and employees to not review the patents of others, including specifically those

related to Defendant's specific industry, with the subjective belief that there was a high probability

that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '124

Patent at least as early as the issuance of the '124 Patent.

39.    Defendant has and continues to induce infringement by others, including customers

and end-users, with the intent to cause infringing acts by others or, in the alternative, with the

---

[4] https://www.nissanusa.com/content/dam/Nissan/us/manuals-and-guides/rogue/2025/2025-
nissan-rogue-owner-manual.pdf.

belief that there was a high probability that others, including end-users, infringe the '124 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's websites, product literature and packaging, and other publications.[5] For example, Defendant prepares and provides customers and end-users with Owner's Manuals for its specific vehicles, as well as access to other vehicle information. On information and belief, Defendant's Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendant to instruct customers and end-users on how to use the Accused Products in an infringing manner. On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendant.

> © 2024 NISSAN MOTOR CO., LTD.
> All rights reserved. No part of this Owner's Manual may be reproduced or stored in a retrieval system, or transmitted in any form, or by any means, electronic, mechanical, photocopying, recording or otherwise, without the prior written per-mission of Nissan Motor Co., Ltd.[6]

40.    Because of Defendant's inducement, Defendant's customers and end-users use Accused Products in a way Defendant intends and directly infringe the '124 Patent. Defendant performs these affirmative acts with knowledge of the '124 Patent and with the intent, or willful

---

[5]    *See*    Nissan    Rogue    2013-present    Owner's    Manual,    available    at: https://www.nissanusa.com/owners/ownership/manuals-guides.html.
[6] *See* 2025 Nissan Rogue Owner's Manual, available at:
https://www.nissanusa.com/content/dam/Nissan/us/manuals-and-guides/rogue/2025/2025-nissan-rogue-owner-manual.pdf.

blindness, that the induced acts directly infringe the '124 Patent.

41.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '124 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '124 Patent is directly infringed by others.  The accused components within the Accused Products are material to the invention of the '124 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '124 Patent.  Defendant performs these affirmative acts with knowledge of the '124 Patent and with intent, or willful blindness, that they cause the direct infringement of the '124 Patent.

42.    Modena has suffered damages as a result of Defendant's direct and indirect infringement of the '124 Patent in an amount to be proved at trial.

43.    Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '124 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '461 Patent)

44.    Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

45.    Modena has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '461 Patent.

46.    Defendant has and continues to directly infringe the '461 Patent, either literally or

under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more claims of the '461 Patent.  The Accused Products include, but are not limited to, Defendant's infotainment systems and navigation systems, included in all trims and configurations, such as the Nissan Rogue.  The Nissan Rogue is exemplary and representative of the Accused Products.

47.    For example, Defendant has and continues to directly infringe at least claim 7 of the '461 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendant's infotainment systems and navigation systems, or equivalent thereof, such as in the Nissan Rogue, among other products.

48.    The Nissan Rogue comprises a navigation system for use in an electronic device. The Nissan Rogue comprises a display unit (e.g., the infotainments display).  The Nissan Rogue comprises a processing unit generating a route planning result according to at least a destination (e.g., the infotainment and/or telematic CPU), wherein the electronic device performs a navigation process according to the route planning result, the processing unit determining whether at least one navigation condition has occurred, and when the navigation condition has occurred, displaying a position schematic diagram in the display unit, wherein the position schematic diagram comprises the destination and a current position of the electronic device, wherein the determination of whether the navigation condition has occurred is performed by determining whether the navigation process based on the route planning result has terminated (e.g., when the Nissan Rogue reaches the destination set in the navigation system, it indicates on the infotainment display that the destination has been reached and the navigation is terminated).

49.    Defendant has and continues to indirectly infringe one or more claims of the '461 Patent by knowingly and intentionally inducing others, including Nissan customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

50.    Defendant, with knowledge that these products, or the use thereof, infringe the '461 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '461 Patent by providing these products to customers and end-users for use in an infringing manner.  Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subjective belief that there was a high probability that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '461 Patent at least as early as the issuance of the '461 Patent.

51.    Defendant has and continues to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '461 Patent, but while remaining willfully blind to the infringement.  Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's websites, product literature and packaging, and other publications.[7]  For example, Defendant prepares and provides customers and

---

[7]    *See* Nissan Rogue 2013-present Owner's Manual, available at: https://www.nissanusa.com/owners/ownership/manuals-guides.html.

end-users with Owner's Manuals for its specific vehicles, as well as access to other vehicle information. On information and belief, Defendant's Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendant to instruct customers and end-users on how to use the Accused Products in an infringing manner. On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendant.

> © 2024 NISSAN MOTOR CO., LTD.
> All rights reserved. No part of this Owner's Manual may be reproduced or stored in a retrieval system, or transmitted in any form, or by any means, electronic, mechanical, photocopying, recording or otherwise, without the prior written permission of Nissan Motor Co., Ltd. [8]

52.     Because of Defendant's inducement, Defendant's customers and end-users use Accused Products in a way Defendant intends and directly infringe the '461 Patent. Defendant performs these affirmative acts with knowledge of the '461 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '461 Patent.

53.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '461 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such

---

[8] *See* 2025 Nissan Rogue Owner's Manual, available at:
https://www.nissanusa.com/content/dam/Nissan/us/manuals-and-guides/rogue/2025/2025-nissan-rogue-owner-manual.pdf.

that the '461 Patent is directly infringed by others.  The accused components within the Accused Products are material to the invention of the '461 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '461 Patent.  Defendant performs these affirmative acts with knowledge of the '461 Patent and with intent, or willful blindness, that they cause the direct infringement of the '461 Patent.

54.    Modena has suffered damages as a result of Defendant's direct and indirect infringement of the '461 Patent in an amount to be proved at trial.

55.    Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '461 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

**COUNT IV**
**(Infringement of the '286 Patent)**

56.    Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

57.    Modena has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '286 Patent.

58.    Defendant has and continues to directly infringe the '286 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by one or more of making, using, offering to sell, selling, importing into the United States, and/or exporting from the United States the Accused Products that satisfy each and every limitation of one or more claims of the '286 Patent.  The Accused Products include, but are not limited to, Defendant's infotainment systems and navigation systems, included in all trims and configurations, such as the Nissan ARIYA.  The Nissan ARIYA is exemplary and representative of the Accused Products.

59.    For example, Defendant has and continues to directly infringe at least claim 13 of

the '286 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States, and/or exporting from the United States the Accused Products that include Defendant's infotainment systems and navigation systems, or equivalent thereof, such as in the Nissan ARIYA, among other products.

60.      The Nissan ARIYA comprises A navigation device capable of displaying activity information, the navigation device.  The Nissan ARIYA comprises a GPS (Global Positioning System) receiving unit for receiving a positioning signal (e.g. the Nissan ARIYA GPS system).  The Nissan ARIYA comprises a data storage unit for storing a navigation map (e.g., internal flash memory, SSD in the infotainment head unit, and/or SD card or other removeable media).  The Nissan ARIYA comprises a display unit for displaying the navigation map corresponding to the positioning signal (e.g., the infotainment display).  The Nissan ARIYA comprises an information transceiver for receiving a plurality of activity information with latitude and longitude (e.g., the NissanConnect system working with the Telematics Control Unit ("TCU") and/or other over-the-air receivers).  The Nissan ARIYA comprises a processing unit for providing an information preference menu and for controlling the display unit to display an activity icon of corresponding activity information on a corresponding activity location of the navigation map according to the setting of the information preference menu and the latitude and longitude, and the processing unit being further for providing a reminder message when determining a current location of the navigation device is closer within a predetermined distance from the activity icon on the navigation map (e.g., the infotainment and/or telematic CPU),.

61.      For example, the Nissan ARIYA can provide real-time information about certain locations, such as charging stations.



62.     Defendant has and continues to indirectly infringe one or more claims of the '286 Patent by knowingly and intentionally inducing others, including Nissan customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

63.     Defendant, with knowledge that these products, or the use thereof, infringe the '286 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '286 Patent by providing these

---

[9] https://www.youtube.com/watch?v=IUC9D9Vvrwg&ab_channel=theinterfaceCars.

products to customers and end-users for use in an infringing manner.  Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subjective belief that there was a high probability that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '286 Patent at least as early as the issuance of the '286 Patent.

64.    Defendant has and continues to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '286 Patent, but while remaining willfully blind to the infringement.  Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's websites, product literature and packaging, and other publications.[10] For example, Defendant prepares and provides customers and end-users with Owner's Manuals for its specific vehicles, as well as access to other vehicle information. On information and belief, Defendant's Owner's Manuals and other vehicle information documents are prepared by or under the direction of Defendant to instruct customers and end-users on how to use the Accused Products in an infringing manner.  On information and belief, these Owner's Manuals and other vehicle information documents are prepared by Defendant.

---

[10]    *See* Nissan ARIYA 2023-present Owner's Manuals, available at: https://www.nissanusa.com/owners/ownership/manuals-guides.html.

© 2024 NISSAN MOTOR CO., LTD.
All rights reserved. No part of this Owner's
Manual may be reproduced or stored in a
retrieval system, or transmitted in any
form, or by any means, electronic,
mechanical, photocopying, recording or
otherwise, without the prior written per-
mission of Nissan Motor Co., Ltd. [11]

65.    Because of Defendant's inducement, Defendant's customers and end-users use Accused Products in a way Defendant intends and directly infringe the '286 Patent.  Defendant performs these affirmative acts with knowledge of the '286 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '286 Patent.

66.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '286 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '286 Patent is directly infringed by others.  The accused components within the Accused Products are material to the invention of the '286 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '286 Patent.  Defendant performs these affirmative acts with knowledge of the '286 Patent and with intent, or willful blindness, that they cause the direct infringement of the '286 Patent.

---

[11] *See* 2025 Nissan Rogue Owner's Manual, available at:
https://www.nissanusa.com/content/dam/Nissan/us/manuals-and-guides/rogue/2025/2025-nissan-rogue-owner-manual.pdf.

67.     Modena has suffered damages as a result of Defendant's direct and indirect infringement of the '286 Patent in an amount to be proved at trial.

68.     Modena has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '286 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Modena prays for relief against Defendant as follows:

a.      Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the Patents-in-Suit;

c.      An order awarding damages sufficient to compensate Modena for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.      Entry of judgment declaring that this case is exceptional and awarding Modena its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.      Such other and further relief as the Court deems just and proper.

Dated: May 6, 2025                         Respectfully submitted,

                                           */s/ Vincent J. Rubino, III*
                                           Alfred R. Fabricant
                                           NY Bar No. 2219392
                                           Email: ffabricant@fabricantllp.com

Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, NY 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ, 07078
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

***ATTORNEYS FOR PLAINTIFF,
MODENA NAVIGATION LLC***